# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-11058
Summary Calendar

COLLIN J BROWN

Plaintiff-Appellant

v.

F SEMAIA, Unit Manager, Personal and official capacity; K DIXON, Personal and official capacity; T HERRIDGE, Records, Personal and official capacity; OFFICER NFN RODRIGUEZ, Personal and official capacity; SERGEANT NFN SIKES, Personal and official capacity; G REYES, CDI Case Manager, Personal and official capacity

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:08-CV-19

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Collin Brown, federal prisoner # 10805–196, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint, in which he alleged that federal prison officials placed inaccurate information in his prison records, brought

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

wrongful disciplinary charges against him, denied him access to dental care and to legal materials, and refused to allow him to practice his religion. The district court dismissed Brown's complaint for failure to state a claim and concluded that the complaint was frivolous.

Brown renews the allegations in his complaint on appeal, but does not challenge any of the district court's reasons for dismissal. By failing to brief any argument challenging the district court's reasons for dismissal, Brown has abandoned the only grounds for appeal. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Brown's appeal is without arguable merit and therefore frivolous. *See Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. The district court's dismissal of Brown's complaint as frivolous and this court's dismissal of Brown's appeal count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir. 1996). Brown is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.